UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MICHAEL EVERSOLE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. 5:17-155-DCR-CJS |
| v. | ) | |
| | ) | |
| RODNEY BALLARD, Jailer, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant Ballard's Motion for Judgment on the Pleadings (R. 20), which has been referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* R. 8). Plaintiff did not file a Response to this Motion, and his time to do so has now expired.[1] *See* Rule 7.1(c) of the Joint Local Rules of Civil Practice for the United States District Courts for the Eastern and Western Districts of Kentucky.

In addition, despite Court orders directing him to do so (*see* R. 11; R. 22), Plaintiff has failed to provide an address to effect timely service of process on Defendant Officer Jourdan. Accordingly, for the reasons stated below, it is herein recommended that the presiding District Judge dismiss with prejudice Plaintiff's claims against Rodney Ballard and dismiss without prejudice his claims against Officer Jourdan.

---

[1] During its consideration of the pending Motion, the Court learned that the record did not reflect Plaintiff has been transferred from the Kentucky State Reformatory in LaGrange, Kentucky to Roederer Correctional Complex in LaGrange, Kentucky. Nevertheless, Defendant Ballard served his Motion on Plaintiff at both locations. (*See* R. 20). Further, it appears Plaintiff has been served with Court orders issued after his April 27, 2017, notification to the Court of his transfer because the mailings have not been returned and in a recent letter Plaintiff sent to the undersigned, he specifically referred to the Court's order denying his request for counsel–an order issued after he reported being transferred. (*See* R. 24). The Court has informed the Clerk's Office of the change of address and the docket has been updated.

## I.    FACTS

Plaintiff Michael Eversole, who is currently incarcerated at the Roederer Correctional Complex, filed a Complaint, which has been removed to this Court, alleging that Defendants Rodney Ballard, Jailer, Officer Jourdan, and Jennifer Privett, Head Nurse, acting under color of state law, violated his rights under the Eighth Amendment while he was incarcerated at the Fayette County Detention Center ("Detention Center"). (R. 1-1). In his Complaint, Plaintiff alleges he was arrested and housed in the Detention Center on October 4, 2015. He asserts that because he has epilepsy and a history of seizures, he was given a restriction that required he be housed on the lower level of the Detention Center and that he be assigned to a bottom bunk. (*Id.*). Plaintiff claims that despite this restriction, he was assigned a top bunk, which ultimately led to his injury.

Specifically, Plaintiff contends that in April 2016, he was placed in a cell on the second floor and assigned a top bunk. (*Id.*). He asserts that he informed Officer Jourdan of his restriction to a bottom bunk, and he claims Officer Jourdan told him "this is the bunk you were assigned" and "there was nothing he could do about it." (*Id.* at 18-19). Plaintiff asserts he repeatedly complained to Officer Jourdan that he should not be assigned to the upper floor or to a top bunk, but Officer Jourdan ignored his complaints and did not report his complaints to the classification staff. (*Id.* at 18-21).

Plaintiff alleges that on April 25, 2016, he climbed into his top bunk and went to sleep. (*Id.* at 19). He claims he woke up on the floor surrounded by officers and nurses. (*Id.*). Plaintiff contends that another inmate alerted Officer Hendricks that Plaintiff had fallen off his bunk and was having a seizure. (*Id.*). Officer Hendricks allegedly entered Plaintiff's cell, saw Plaintiff appeared to be having a seizure and initiated a Code 100 for assistance. (*Id.*). Nurses responded, and Plaintiff was moved to a medical cell. (*Id.*).

Plaintiff asserts that the day after his fall, he sent a grievance to the Detention Center complaining that he had informed Officer Jourdan several times that, because of his seizures, he was not to be on the second floor and was not to be assigned a top bunk. (*Id.* at 19). In the grievance, Plaintiff claimed that because Officer Jourdan ignored his complaints, he suffered injury when he fell off the bunk, causing further injury to his lower back for which he was already receiving treatment.[2]

Plaintiff states that after the fall he filed several medical slips and complained to medical staff that the pain he was experiencing was getting worse, and he asked to be sent for an MRI. (*Id*. at 19). He claims Nurse Privett told him he would not be sent to see an outside doctor or to have an MRI. (*Id.*). He claims that in May of 2016 a doctor at the Detention Center ordered an x-ray, and Plaintiff "filed a[] grievance because he thought medical was just trying to put him off." (*Id.* at 19). However, he admits that when the doctor saw the results of the x-ray, which he contends revealed "a massive amount of infection" in his back, he ordered an MRI. (*Id*. at 19-20). Plaintiff states that although an MRI was ordered, he was not sent for the MRI until July–almost 60 days later. (*Id*. at 20). Plaintiff contends that the MRI showed the infection in his back had spread to his bones. Plaintiff states he was sent to University of Kentucky Hospital and then to the Kentucky State Reformatory for treatment. (*Id.*). Plaintiff also asserts that a doctor at the hospital told him the trauma from the fall most likely caused the infection to spread to his bones. (*Id*. at 22).

Plaintiff filed this action alleging violations of his Eighth Amendment rights, seeking $150,000 in compensatory damages from each Defendant because he claims he will never be able to work at his trade as a roofer or do any manual labor due to the ongoing back issues from the

---

[2] Plaintiff also asserts that within weeks after being arrested, he started complaining of back and testicular pain. (R. 1-1, at 18). Plaintiff asserts he continued to have pain and was treated, but claims he was misdiagnosed and did not get better. (*Id*.).

infection spreading to his bones. (*Id*. at 22). He also seeks $150,000 in punitive damages against each Defendant and that all his medical treatment for his back be paid for by Defendants.[3] (*Id*. at 22).

## II.    ANALYSIS

### A.    Plaintiff's Claims Against Defendant Rodney Ballard Should Be Dismissed With Prejudice.

Construing Plaintiff's Complaint broadly, he is asserting Defendant Ballard, in both his official and individual capacities, violated his Eighth Amendment rights while acting under color of state law by not properly supervising his staff, leading to his assignment to a top bunk despite his bottom bunk restriction, and by not properly treating Plaintiff medically after he fell from the top bunk. Defendant Ballard has filed a Motion for Judgment on the Pleadings, arguing that all claims against him should be dismissed because Plaintiff has failed to allege any facts that would entitle him to relief against Ballard. (R. 20). Ballard contends the Complaint does not allege Ballard had any personal involvement in this case and, in fact, the only mention of him in the Complaint indicates he is being sued because of his alleged role as the jailer at the Detention Center at the time of the incident.[4] (R. 1 at 17). Thus, Ballard asserts Plaintiff has failed to allege sufficient facts to support his claims against him.

---

[3] Plaintiff captioned his Complaint as a "Civil Action and Injunction Pursuant to KRS 413.140." However he does not otherwise explain what action he seeks to enjoin, and the statute he cites is not on point as it merely sets forth what causes of actions must be brought within one year. Moreover, Plaintiff is no longer detained at the Detention Center. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (denying as moot claim for injunctive relief since plaintiff no longer confined in the facility where the conduct complained of occurred). Thus, the Court will not further discuss the issue of an injunction.

[4] Ballard explains in his Answer that he was employed by LFUCG as the Director of the Division of Community Corrections (R. 7, at 2 ¶ 3), and explains in his Motion that pursuant to Kentucky Revised Statute § 67A.028, the duties, liabilities and responsibilities of the office of jailer are vested in the Community Corrections division of LFUCG. (R. 20, at 2 n.2, 3).

In addition, Ballard argues that even if the Complaint is found to adequately assert claims against him, the claims should be dismissed because he did not work for the Lexington-Fayette Urban County Government (LFUCG), the government entity that operates the Detention Center, during the relevant time period. To support this contention, Ballard attaches an Affidavit to his Motion, wherein he states that he resigned his position with the LFUCG effective March 12, 2016. Thus, Ballard contends he was not so employed in April 2016–the time period Plaintiff alleges he was assigned the top bunk. Ballard further asserts that to the extent Plaintiff's Complaint can be read as asserting a claim for events occurring prior to March 2016, such claims are barred by the one-year statute of limitations. Plaintiff has not responded to Ballard's Motion.[5] As explained below, Plaintiff's official and individual capacity claims against Ballard should be dismissed.

### 1.    The standard of review

A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard applicable to a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). The Sixth Circuit has recently explained:

> When ruling on a defendant's motion to dismiss on the pleadings, a district court "must construe the complaint in the light most favorable to the plaintiff, accept all

---

[5] The Sixth Circuit has held that when a plaintiff fails to respond to a motion, the district court may deem the plaintiff to have waived any opposition to the motion. *See Scott v. State of Tenn.*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (table decision) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."); *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived"). Local Rule 7.1(c) also provides that "[f]ailure to timely respond to a motion may be grounds for granting the motion." By failing to file a response to Defendant Ballard's pending Motion, Plaintiff has waived any objection he might have to the Motion.
    However, the Sixth Circuit has also held that where the granting of a motion will result in the dismissal of an action, the Court should exercise some caution to at least ensure the moving party has met its burden. *See Carver v. Bunch*, 946 F.2d 451, 453-54 (6th Cir. 1991) (finding a plaintiff's failure to respond to a motion to dismiss did not amount to a failure to prosecute, and district court erred in dismissing plaintiff's complaint based solely on his failure to respond to the motion). Thus, dismissal of Plaintiff's claims against Ballard is not being recommended based solely on Plaintiff's failure to file a Response thereto.

of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." [*Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006)] (quoting *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001)). To survive a Rule 12(c) motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed.2d 929 (2007)). Mere labels and conclusions are not enough; the allegations must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.

*Engler v. Arnold*, __ F.3d __, 2017 WL 2924942, at *2 (6th Cir. July 10, 2017). While a complaint filed by a *pro se* litigant is to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it must set forth more than bare legal conclusions and must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### 2. The Court will not consider Defendant Ballard's Affidavit

As discussed above, Defendant Ballard submitted an Affidavit in support of his Motion, stating he resigned his position with the LFUCG effective March 12, 2016, and has not been employed by LFUCG since that time. (R. 20-1). This information, if considered by the Court, would be evidence that Defendant Ballard was not employed at the Detention Center in April 2016, when Plaintiff alleges he was assigned to the top bunk. However, Rule 12(d) of the Federal Rules of Civil Procedure directs that if, on a motion under Rule 12(c), matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.[6] The undersigned has not converted the Rule 12(c) Motion to a motion for

---

[6] While there are certain circumstances under which the Court can consider documents outside the pleadings in ruling on a motion for judgment on the pleadings, Defendant Ballard has not argued those circumstances are present here. *See Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment) (citation omitted). Nor

summary judgment, and thus it did not consider Ballard's Affidavit in reaching the findings set forth in this Report and Recommendation.

### 3. The official capacity claim against Ballard should be dismissed.

Plaintiff's complaint states he is suing Defendant Ballard, the alleged jailer at the time of his fall, in both his individual and official capacities. (R. 1, at 1). Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, "individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Graham*, 473 U.S. at 165); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity.") (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68 (1989)). Here, Plaintiff's official capacity claim against Ballard is to be treated as a claim against LFUCG, the government entity that employed Ballard. (*See* Answer of Rodney Ballard, R. 7, at ¶ 3).

LFUCG can be held liable under § 1983 only "where a custom, policy, or practice attributable to the municipality was the 'moving force' behind the violation of the plaintiff's constitutional rights." *Monell,* 436 U.S. at 694-95. To "survive a motion to dismiss under Rule 12(b)(6) [or 12(c)], a plaintiff must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen." *Vidal v. Lexington–Fayette Urban Cnty. Gov't*, No. 5:13-117-DCR, 2014 WL

---

has Defendant Ballard provided any basis on which the Court can take judicial notice of the facts contained in the Affidavit. *See* Fed. R. Evid. 201.

4418113, at *2 (E.D. Ky. Sept. 8, 2014) (quoting *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014)).  Here, Plaintiff's Complaint does not contain any allegation that a policy, custom or practice was the moving force behind the alleged violations of his constitutional rights.

Further, even considering Plaintiff's Response to Answer, a filing not authorized by the Court,[7] Plaintiff has not alleged any specific municipal policy, custom or practice he contends was the moving force behind the alleged violation of his constitutional rights.  At most, his filing can be construed as asserting that Defendant Ballard in his official capacity "failed to properly supervise staff to ensure that they follow[ed] policies."  (R. 12, at 2).  This statement, however, supports a finding that no policy was the moving force behind the alleged constitutional violation, as he asserts that Ballard did not ensure that policies were being followed.  Even if this statement can be read as suggesting a policy or custom was the moving force behind the alleged violation, Plaintiff does not identify or describe the policy or custom to which he is referring.  *See Vidal*, 2014 WL 4418113, at *3 ("to survive a motion to dismiss, the plaintiff "must describe what the official custom or policy was and describe how it was violated.") (quoting *Kustes v. Lexington–Fayette Urban Cnty. Gov't*, Civil Action No. 5:12–323–KKC, 2013 WL 4776343, at *5 (E.D. Ky. Sept. 3, 2013)); *see also Dickey v. Rapier*, No. 3:16-cv-712-TBR, 2017 WL 1424803, at *3 (W.D. Ky. Apr. 20, 2017) (dismissing official capacity claims on initial screening, finding plaintiff failed to identify in his complaint a policy or custom that was the moving force behind the alleged constitutional violations).

---

[7] Rule 7 of the Federal Rules of Civil Procedure provides a list of the only pleadings permitted to be filed in a civil action.  Fed. R. Civ. P. 7(a).  The list includes a reply to answer, but only if the court orders one.  Fed. R. Civ. P. 7(a)(7).  In this case, the Court did not order that a reply to an answer be filed.  Since the Court did not order its filing, Plaintiff's "Response to Answers" is an unauthorized pleading.  *See Fisher v. Cataldi*, No. 1:16-CV-605, 2016 WL 6208582, at *2 (S.D. Ohio Oct. 21, 2016) (granting defendant's motion to strike plaintiff's reply to answer as an unauthorized pleading).  Nevertheless, as discussed above, Plaintiff's Response to Answers does not provide any additional factual averments that would contribute to the sufficiency of the Complaint, but merely provides conclusory statements with citations to black letter legal authority.

Moreover, to the extent Plaintiff's filings can be read as asserting an official capacity claim against Ballard for his failure to supervise, Plaintiff has not pled sufficient facts to assert such a claim. To bring a failure to supervise claim under § 1983 against a municipality requires a plaintiff to plead "(1) the [] supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Lynum v. The City of Zanesville, Ohio,* No. 2:15-cv-2389, 2016 WL 1436286, at *2 (S.D. Ohio Apr. 12, 2016) (granting motion for judgment on the pleadings, finding plaintiff's complaint did not provide basis for a *Monell* claim against city) (quoting *Regets v. City of Plymouth*, 568 F. App'x 380, 394 (6th Cir. 2014)). The Sixth Circuit has identified two situations that can establish a municipality exercised deliberate indifference in its failure to train or supervise: 1) where the municipality failed to provide adequate training in light of "foreseeable consequences from a lack of instruction" and 2) where the municipality failed to act in light of "repeated complaints of constitutional violations by its officers." *See Jackson v. Jernigan*, No. 3:16-cv-750, 2017 WL 1962713, at *5 (W.D. Ky. May 11, 2017) (dismissing claims against municipality for failure to exercise reasonable care in hiring and inadequately training and supervising employees where complaint failed to allege facts demonstrating municipality's deliberate indifference) (quoting *Ellis ex rel Pendergrass v. Cleveland Mun. School Dist.*, 455 F.3d 690, 701 (6th Cir. July 24, 2006)).

Here, even assuming Plaintiff's filings can be read as asserting a claim that Ballard, in his official capacity, "failed to properly supervise staff to ensure that they follow[ed] policies," Plaintiff did not reference any specific policy and does not mention any facts that can be construed as demonstrating LFUCG acted with deliberate indifference. A conclusory allegation that Ballard failed to properly supervise his staff is a "naked assertion[] devoid of further factual enhancement [that] contributes nothing to the sufficiency of the complaint." *Jackson*, 2017 WL 1962713, at *5

(quoting *Vidal*, 2014 WL 4418113, at *4); *Bishop v. Lexington-Fayette Urban Cnty. Gov't*, No. 5:15-371, 2016 WL 4515927, at *2 (E.D. Ky. Aug. 29, 2016) (conclusory allegation that county negligently trained officer insufficient to survive a motion to dismiss). In sum, even considering the statements Plaintiff has set forth in his Response to Answer, Plaintiff has failed to allege sufficient facts that would raise a plausible inference of wrongdoing against the LFUCG. Accordingly, Plaintiff's official capacity claim against Ballard should be dismissed.

### 4.	The individual capacity claim against Ballard should be dismissed.

Plaintiff's Complaint also recites that he is suing Ballard in his individual capacity. (R. 1-1, at 17). However, Plaintiff has not asserted sufficient facts to raise a plausible inference of wrongdoing against Ballard in his individual capacity to support an Eighth Amendment deliberate indifference claim. Accordingly, for the reasons explained below, the Court will recommend Plaintiff's individual capacity claim against Ballard be dismissed.

An Eighth Amendment deliberate indifference claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994); *Cornstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). To satisfy the objective component requires allegations that the deprivation be "sufficiently serious." *Id.*. The subjective component requires the prison officials to have acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Id.* Deliberate indifference requires allegations of fact, if true, that show the official being sued knew of and disregarded "an excessive risk to inmate health and safety," meaning the "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference." *Farmer*, 511 U.S. at 837.

Further, to state a claim that a supervisory official is personally liable under § 1983, the plaintiff must allege that the official was personally involved in the alleged conduct. *See Grinter v.*

*Knight,* 532 F.3d 567, 575-76 (6th Cir. 2008) (affirming dismissal of § 1983 claims against

supervisory defendants for plaintiff's failure to allege they were personally involved or that they

acquiesced in the conduct of their employees) (quoting *Miller v. Calhoun Cnty.,* 408 F.3d 803, 817

n.3 (6th Cir. 2005)). The Sixth Circuit has explained:

> Respondeat superior is not a proper basis for liability under § 1983. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845, 105 S. Ct. 156, 83 L. Ed.2d 93 (1984). Nor can the liability of supervisors be based solely on the right to control employees, *Bellamy*, 729 F.2d at 421, or "simple awareness of employees' misconduct," *Leary*, 349 F.3d at 903; *Bellamy*, 729 F.2d at 421. Furthermore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays*, 668 F.2d at 874).

*McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006); *see also Martinez v. Bolton,*

3:17-cv-265, 2017 WL 2989185, at *3 (W.D. Ky. July 13, 2017) (dismissing on initial screening

individual claim against director of facility because sued only for his role as director and plaintiff

did not allege he engaged in any active unconstitutional conduct); *Guldenschuh v. Does,* No. 3:17-

cv-5, 2017 WL 2239592, at *2 (W.D. Ky. May 19, 2017) (dismissing on initial screening individual

claim against jailer that was based solely upon his role as the supervisor of the facility).

Here, the only allegation in the Complaint directed at Ballard indicates he is being sued

because of his role as the supervisor of the facility, stating he "is responsible for the health and safety

of all prisoners." (R. 1-1, at 17). While the Complaint contains allegations that Plaintiff's medical

need was "sufficiently serious" to get past the first prong of the deliberate indifference standard, it

does not assert any facts to demonstrate the second prong–that Ballard knew of and disregarded an

excessive risk to inmate health or safety. Specifically, Plaintiff does not allege Ballard had any

contact with Plaintiff, that Ballard was aware of Plaintiff's top bunk assignment prior to his fall, that Ballard had any knowledge of or was in any way involved in decisions regarding Plaintiff's medical care after the fall, or that he implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct. Thus, Plaintiff's allegations that Ballard is subject to § 1983 liability merely because of his responsibilities as the supervisor of the facility without any allegations of further involvement in the alleged violations is insufficient to withstand a motion for judgment on the pleadings. *See Martinez*, 2017 WL 2989185, at *3 (dismissing individual claim against jailer because sued only for his role as director of facility); *Guldenschuh*, 2017 WL 2239592, at *2 (same); *Ramsey v. Haney*, No. 5:15-cv-117-DCR, 2016 WL 782394, at **3-4 (E.D. Ky. Feb. 29, 2016) (dismissing Eighth Amendment claim against warden because plaintiff failed to plead sufficient facts to demonstrate a deliberate indifference claim against him).

Further, the allegations contained in Plaintiff's Response to Answers do not cure the deficiencies in the Complaint. In his Response to Answers, Plaintiff makes conclusory statements that Ballard is responsible for the acts of his employees and failed to properly supervise them. (R. 12, at 2). He asserts Ballard was "personally involved in the violation of Plaintiff's rights when he allowed the unconstitutional policy to continue." (*Id*.). Plaintiff claims the violation was one that Ballard had authority to correct because he had authority over his staff members, including deputy jailers. (*Id*.). Again, however, these statements do not provide any allegations of personal involvement in the decision to either assign Plaintiff to a top bunk or in decisions regarding his medical care. Nor do these allegations suggest he "impliedly authorized, approved, or knowingly acquiesced in the allegedly unconstitutional conduct involving his bunk assignment or his medical care.

Plaintiff also asserts in his Response to Answers that Ballard was made aware of the violation of Plaintiff's constitutional rights when Plaintiff filed a grievance on the issue, and asserts "the complaint/grievance had enough information to put him on notice of the nature of the violation." (*Id*.). To the extent Plaintiff's Response to Answers is asserting Ballard was aware of the alleged violation of his constitutional rights through his filing of the grievance regarding his assignment to a top bunk, this allegation is not sufficient to demonstrate Ballard implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct. In fact, the Complaint alleges Plaintiff filed the grievance the day after his fall and after Plaintiff was moved to a medical cell for treatment. Plaintiff does not allege that Ballard was aware prior to his fall that Plaintiff was assigned to a top bunk despite having a bottom bunk restriction. Nor does Plaintiff allege he continued to be assigned a top bunk after his fall. Thus, Plaintiff has not alleged sufficient facts to demonstrate Ballard implicitly authorized, approved, knowingly acquiesced or had any personal involvement in Plaintiff's assignment to a top bunk. *See Abdul-Mateen v. Bell*, No. 09-cv-13710, 2010 WL 1753129, at *2 (E.D. Mich. Mar. 29, 2010) (dismissing claims against warden in individual capacity for failure to allege either personal involvement in refusal to continue special accommodation for bottom bunk assignment due to plaintiff's bad knee or that he otherwise authorized, approved or knowingly acquiesced in the alleged constitutional violation), *adopted by* 2010 WL 17532126 (E.D. Mich. Apr. 28, 2010).

Further, to the extent Plaintiff's reference to Ballard being made aware of the violation of his constitutional rights by his filing of a grievance may be referring to the medical grievance he alleges he filed after his fall, Plaintiff has not alleged sufficient facts to demonstrate Ballard had any knowledge or involvement in this medical treatment. While Plaintiff's Complaint alleges he filed medical slips "trying to get the medical of Fayette County Detention to send him out for a[n] MRI,"

and filed a grievance "because he thought medical was just trying to put him off," he does not

provide any detail of the information provided in his medical slips or the grievance. Nor does he

allege Ballard actually received any of these documents or that his duties included any involvement

with the medical grievance procedures. Plaintiff also does not allege that Ballard encouraged

medical staff to ignore Plaintiff's medical needs or that he participated in any of the medical

decisions regarding his treatment. Instead, he simply states that Ballard "was made aware of the

violation . . . when he filed a grievance regarding the issue." (R. 12, at 2). Such an allegation is

conclusory, lacking any facts upon which a plausible inference can be made that Ballard was aware

of a substantial risk of serious harm and disregarded it.

Moreover, "[f]ailure to act [i]s not a sufficient basis for liability," against a supervisory

official absent allegations the defendant abandoned "the specific duties of his position . . . in the face

of actual knowledge of a breakdown in the proper workings of the department." *Ramsey,* 2016 WL

782394, at *3 (quoting *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Hill v.*

*Marshall*, 962 F.2d 1209, 1214 (6th Cir. 1992)). Plaintiff has not made such allegations here.

Further, Plaintiff does not allege facts from which Ballard could have inferred that his

medical treatment created a substantial risk of harm. While Plaintiff may have sought an MRI or

disagreed with the treatment he was receiving, he does not allege that he was not being otherwise

treated for his injuries. *See Clark v. Corrections Corp*., 98 F. App'x 413, 416 (6th Cir. 2004)

(affirming dismissal of claim alleging deliberate indifference to medical needs where plaintiff

received medical treatment and the dispute concerned the adequacy of that treatment) (citing

*Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)). In fact, the allegations in the Complaint

indicate that Plaintiff filed the medical grievance when, after he had filed several medical slips trying

to get an MRI, the facility physician performed an x-ray. (1-1, at 19). He explains he filed the

grievance because he thought "medical was trying to put him off." However, he admits after

reviewing the results of the x-ray, the physician ordered the MRI. While he alleges it took another

60 days to obtain the MRI, Plaintiff does not allege that Ballard was aware of the delay and he does

not allege that he filed a further grievance on the issue.

In sum, Plaintiff's Complaint and Response to Answers do not contain any facts raising a

plausible inference that Defendant Ballard authorized, approved, or knowingly acquiesced in any

potentially unconstitutional conduct so as to state a claim for supervisory liability. Nor does Plaintiff

alleged sufficient facts that, if true, would show Ballard subjectively perceived a risk of harm and

then disregarded the risk. *Farmer*, 511 U.S. at 834-37. Accordingly, it will be recommended that

Plaintiff's claim against Ballard in his individual capacity be dismissed.[8]

**B.      Plaintiff's Claims Against Defendant Officer Jourdan Should Be Dismissed Without Prejudice.**

Plaintiff also named Officer Jourdan as a Defendant in this action. However, as discussed

below, there is no evidence in the record that Defendant Officer Jourdan has been served with the

Summons and Complaint within 90 days of the removal of this action as required by Rule 4(m) of

the Federal Rules of Civil Procedure. Despite two Orders from this Court to do so (*see* R. 11; R. 22),

Plaintiff has failed to provide a current address for Officer Jourdan. Nor has he made a filing in the

record that demonstrates he has made any effort to obtain an address for Officer Jourdan.

Accordingly, it will be recommended that the claims against Defendant Officer Jourdan be dismissed

without prejudice.

---

[8] Because the Court finds Plaintiff failed to assert any facts to support an individual claim against Defendant Ballard, the Court need not further consider Ballard's argument that, to the extent the Complaint can be read as asserting a claim for events occurring prior to March 2016, those claims are time-barred.

On April 10, 2017, upon review of the record and noting it did not reflect that Officer Jourdan had been served with process, the Court issued an Order explaining Plaintiff's obligation to provide a correct address. (R. 11). Specifically, the Court explained that since Plaintiff is proceeding *in forma pauperis*, the Court must order that service be made by a United Sates Marshal or Deputy Marshal, or by another person appointed by the Court. *See* Fed. R. Civ. P. 4(c)(3). However, in a § 1983 action, it is the plaintiff's responsibility to provide the proper addresses of the defendants for service of process. *See Fitts v. Sicker*, 232 F. App'x 436, 443 (6th Cir. 2007). The Court explained that a district court is not obligated "to actively seek out the address of a defendant so that service can be effectuated" upon him. *Id.* at 444.

The Court further noted the only address Plaintiff has provided for Defendant Officer Jourdan is that of the Fayette County Detention Center. The state record, however, reflects that the certified mail envelope addressed to Defendant Officer Jourdan at the Fayette County Detention Center was returned as undeliverable, and another similarly-addressed envelope was also returned with a notation that "Chase Jourdan no longer employed at the detention center." (R. 1-1, at 2; R. 1-1, at 6). Thus, the Court informed Plaintiff that before entering an Order directing the United States Marshal to serve Officer Jourdan, the Plaintiff will be required to provide another address where Officer Jourdan can be served. The Court also informed Plaintiff that Rule 4(m) of the Federal Rules of Civil Procedure requires a defendant be served within 90 days of filing the complaint, and thus he must provide a current address for Defendant Officer Jourdan on or before May 18, 2017 (which would provide the Marshal's with sufficient time to effect service).

On June 2, 2017, the Court issued a second Order, explaining that because this matter originated in the Fayette Circuit Court and was removed to this Court on March 29, 2017, Plaintiff has 90 days from the date of removal to effect service of process, rather than 90 days from the date

of the state-court filing of the Complaint. (R. 22). The Court therefore gave Plaintiff until June 27,

2017, to serve Officer Jourdan. The Court also informed Plaintiff that he should submit a current

address for Defendant Officer Jourdan no later than June 16, 2017, to provide the U.S. Marshals

Service with adequate time to effect service. (*Id.*).

As of the date of entry of this Report and Recommendation, Plaintiff has not provided a

current address for Officer Jourdan. Nor has Plaintiff requested an extension of time in which to do

so.[9] The record also does not reflect that Defendant Officer Jourdan has otherwise been served with

process and 90 days from the date of removal to this Court has now expired.

In relevant part, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court–on
> motion or on its own after notice to the plaintiff–must dismiss the action without
> prejudice against that defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must extend the time
> for service for an appropriate period.

Fed. R. Civ. P. 4(m). Courts in this district have explained that Rule 4(m) requires a two-step

analysis. *See Kinney v. Lexington–Fayette Urban Cnty. Gov't*, No. 5:12-cv-360-KKC, 2013 WL

3973172, at *2 (E.D. Ky. Aug. 1, 2013); *see also Buckland v. Stanley*, No. 13-cv-191-JMH, 2014

WL 5106396 (E.D. Ky. Sept. 29, 2014). "First, the Court must determine whether Plaintiffs have

shown good cause for the failure to effect service. If they have, 'the court shall extend the time for

service for an appropriate period.' Fed. R. Civ. P. 4(m). Second, if Plaintiffs have not shown good

---

[9] While Plaintiff sent a letter addressed to the undersigned requesting generally that the Court extend the time on any motions or proceedings until he is released from incarceration, which letter was returned to him as an ex parte communication, not filed in the record or served on opposing counsel, he did not specifically request an extension of time to serve Officer Jourdan. (R. 24). Further, the Court instructed Plaintiff in its Order returning the letter that if he wanted to bring the issues raised in his letter before the Court, he should make proper filings of record by appropriately captioning them, sending them to the Clerk of Court and serving the filings on all parties. (R. 23). As of the entry of this Report and Recommendation, Plaintiff has not made a further filing.

cause, the Court must either (1) dismiss the action without prejudice or (2) direct that service be effected within a specified time." *Kinney*, 2013 WL 3973172, at \*1 (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)); *see also Cory v. Holder*, No. 5:11-cv-62-JMH, 2012 WL 162609, at \*1 (E.D. Ky. Jan. 19, 2012).

Here, despite the Court's issuance of two Orders directed to Plaintiff's need to provide a current address for service on Officer Jourdan, Plaintiff has not done so. Plaintiff was warned in both Orders that his failure to provide an address where Officer Jourdan can be served would result in the undersigned recommending to the presiding District Judge that Plaintiff's claims against Officer Jourdan be dismissed without prejudice. Plaintiff has not made a filing with the Court that would support a finding of good cause for his failure to provide Officer Jourdan's current address.[10]

Further, while a district court has discretion to extend the time to effectuate service even absent good cause, the record before the Court does not support the exercise of such discretion. *See Buckland,* 2014 WL 5106396, at \*2 (recognizing in absence of good cause the court has discretion to extend time for service, but declining to do so after finding circumstances of case did not warrant it); *Kinney*, 2013 WL 3973172, at \*2 (E.D. Ky. Aug. 1, 2013) (finding good cause had not been shown, but exercising its discretion to expand the time for service); *Turner v. Kentucky Transp. Cabinet*, No. 3:10-39-DCR, 2010 WL 5014516, at \*3 (E.D. Ky. Dec. 3, 2010) (exercising discretion to extend the time for service, finding dismissal could prevent resolution of claims on merits,

---

[10] Rule 4(m) of the Federal Rules of Civil Procedure provides that upon a showing of good cause, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). This Report and Recommendation serves as Plaintiff's notice that Officer Jourdan may be dismissed without prejudice from this action for Plaintiff's failure to obtain timely service of process on him. Further, Plaintiff may file objections to this Report and Recommendation, which provides him with an opportunity to show good cause for his failure to timely serve Officer Jourdan.

defendant had actual notice of lawsuit, proper address for service was used in attempts at service, and defendant had not shown prejudice from delay in service).

As discussed above, the undersigned informed Plaintiff more than three months ago of his obligation to provide an address for Officer Jourdan. Despite the entry of two Orders on the issue, Plaintiff has not made a filing demonstrating that he has made any effort to obtain and provide this information. *See Ramsey*, 2016 WL 782394, at *2 n.1 (dismissing claim against defendant who had not been properly served and where plaintiff did not comply with order to provide current address for service). Nor is there any evidence that Officer Jourdan has been put on notice of this pending action. The undersigned recognizes, however, that the one-year statute of limitations would likely bar Plaintiff from obtaining a resolution on the merits if he re-filed the action against Officer Jourdan. *See Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009) ("[§] 1983 actions in Kentucky are limited by the one-year statute of limitations found in [§] 413.140(1)(a) [of the Kentucky Revised Statutes]") (citing *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)). Thus, while the undersigned is recommending dismissal, the undersigned is also informing Plaintiff that if he is asking for the presiding District Judge to exercise his discretion and grant a brief extension of time for Plaintiff to provide the address of Officer Jourdan, Plaintiff must file objections to this Report and Recommendation arguing for such an extension.

## III.    CONCLUSION AND RECOMMENDATIONS

As discussed above, Plaintiff has failed to assert sufficient facts to state a § 1983 deliberate indifference claim against Defendant Ballard in either his official or individual capacities. Plaintiff has also failed to provide an address where Officer Jourdan can be served. Accordingly,

**IT IS RECOMMENDED** that:

1.      Defendant Ballard's Motion for Judgment on the Pleadings (R. 20) be **granted,** and the claims against Defendant Ballard in both his official and individual capacities be **dismissed with prejudice;** and

2.      Plaintiff's claims against Defendant Officer Jourdan be **dismissed without prejudice.**

Specific objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service or further appeal is waived.  28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 728 F.2d 813, 815 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).  A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

Dated this 7th day of August, 2017.

Signed By:

*Candace J. Smith*

**United States Magistrate Judge**

J:\DATA\Orders\civil lexington\2017\17-155 R&R dismissg Defs Ballard & Jourdan.wpd