UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MICHAEL EVERSOLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 17-155-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RODNEY BALLARD, Jailer, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Michael Eversole is currently an inmate at the Roederer Correctional Complex in LaGrange, Kentucky. Prior to his transfer to state prison, Eversole was held at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. Eversole claims that, while housed at the FCDC in April 2016, he fell from a top bunk and injured his back. He later sued Rodney Ballard,[1] corrections officer Chase Jourdan, and nurse Jennifer Privett, asserting various claims under 42 U.S.C. § 1983.

**I.**

Eversole file this action in the Fayette Circuit Court on February 27, 2017. However, on March 29, 2017, the two defendants who had been served with process removed the case to this Court. The matter was later referred to a United States Magistrate Judge to manage pre-trial matters and submit proposed findings of fact and recommendations regarding any dispositive motions.

---

[1] Although sued in the capacity of "jailer," it appears that Rodney Ballard was employed by the Lexington-Fayette Urban County Government as Director of the Division of Community Corrections prior to his resignation on March 12, 2016.

On May 30, 2017, Defendant Ballard moved the Court for judgment on the pleadings with respect to all claims asserted against him. Eversole did not respond to the motion. Thereafter, on August 7, 2017, United States Magistrate Judge Candace J. Smith issued a Report and Recommendation addressing the claims asserted against Defendants Ballard and Jourdan. With respect to Ballard, Magistrate Judge Smith recommended that the claims asserted against him in his individual and official capacity be dismissed, with prejudice. In making this recommendation, Magistrate Judge Smith fully evaluated Eversole's allegations but found them lacking in several respects.

Next, Magistrate Smith recommended that Eversole's claims against officer Jourdan be dismissed, without prejudice, because the plaintiff failed to serve or provide an address for service of process. In making this recommendation, the Magistrate Judge was cognizant that dismissal without prejudice would likely prevent the plaintiff's claims from being reasserted in a subsequent action against Jourdan.

**II.**

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).

As outlined above, Plaintiff Eversole failed to respond to Defendant Ballard's motion for judgment on the pleadings and failed to object to the Magistrate Judge's Report and

-2-

Recommendation. Notwithstanding this failure, Magistrate Judge Smith fully evaluated his claims. The undersigned has proceeded in like fashion. And after fully reviewing the matter, the undersigned agrees with Magistrate Judge Smith in all respects.

## III.

The relevant facts are fully outlined in Magistrate Smith's Report and Recommendation at pages 2-4. Plaintiff Eversole contends that he was housed at the FCDC during a period from October 2015, through at least the end of April 2016. Around April 25, 2016, Eversole alleges that fell from a top bunk while sleeping, injuring his back. He contends that for some period of time prior to the alleged injury, he told Defendant Jourdan that he had been restricted to a bottom bunk. However, Eversole claims that Jourdan ignored his complaints, advising him that "there was nothing he could do about it." [Record No. 1 at pp. 18-19]

Eversole received medical attention following his fall from the top bunk. However, he contends that the attention and treatment was inadequate, causing his injuries to worsen. The plaintiff claims that he asked to be sent for an MRI after the pain he was experiencing from the fall worsened. However, he asserts that Defendant Privett advised that he would not be sent to an outside doctor for an MRI.[2]

### A. Rodney Ballard

In recommending that all claims against Ballard be dismissed, with prejudice, Magistrate Judge Smith did not rely on the facts outlined in Ballard's affidavit which indicates that he resigned as the Director of the Division of Community Corrections approximately six weeks before Eversole's alleged fall. Likewise, the Magistrate Judge did not consider the

---

[2] Defendant Privett moved for summary judgment on September 5, 2017.

impact of the one year statute of limitations applicable to Eversole's claims which would preclude any actions of Defendant Ballard occurring prior to March 2, 2016. Instead, Magistrate Judge Smith fully evaluated the merits of the plaintiff's allegations and found them lacking as a matter of law.

Eversole's "official capacity" claims against Ballard are subject to dismissal because the plaintiff has failed allege any custom, policy or practice that was the moving force behind the alleged violation of his constitutional rights. Likewise, to the extent that Eversole's filings could be construed as asserting official capacity claims based on a failure to supervise, he has not pled sufficient facts to assert such claims. He does not reference any specific policy and does not mention any facts that could be construed as demonstrating that LFUCG acted with deliberate indifference toward him. Thus, as explained more fully at pages 7 through 10 of the Magistrate Judge's Report and Recommendation, Eversole's official capacity claims must be dismissed.

Further, the individual capacity claims asserted against Defendant Ballard also must be dismissed. Simply put, Eversole has not alleged sufficient facts to "raise a plausible inference of wrongdoing against Ballard in his individual capacity to support an Eighth Amendment deliberate indifference claim." [Record No. 32, p. 10] In the present case, the plaintiff alleges that Eversole is responsible for his damages due to his position as supervisor of the facility where the fall occurred and because he is "responsible for the health and safety of all prisoners." [Record No. 1] However, he does not claim that Ballard knew of and disregarded

an excessive risk of inmate health or safety. And his (former) position with LFUCG is simply insufficient to fill this evidentiary gap.³

As noted by Magistrate Judge Smith:

> Plaintiff's Complaint and Response to Answers do not contain any facts raising a plausible inference that Defendant Ballard authorized, approved, or knowingly acquiesced in any potentially unconstitutional conduct so as to state a claim for supervisory liability. Nor does Plaintiff allege sufficient facts that, if true, would show Ballard subjectively perceived a risk of harm and then disregarded the risk.

[Record No. 32, p. 15] The undersigned agrees with this concise summary. As a result all claims asserted against Defendant Rodney Ballard will be dismissed, with prejudice.

**B.     Officer Chase Jourdan**

The claims against Defendant Jourdan will be dismissed, without prejudice, based on the plaintiff's failure to serve this defendant. Because of the applicable one-year statute of limitations relevant to the claims asserted against Jourdan, this dismissal will effectively prevent similar claims from being reasserted in any subsequent proceeding that Eversole might file.

Notwithstanding the fact that the plaintiff is incarcerated, he must make some effort to obtain an address for the subject defendant. *Fitts v.* Sicker, 232 F. App'x 436, 443 (6th Cir. 2007). He has totally failed in that regard here. By Order dated April 10, 2017, Eversole was advised of his obligation to provide a correct address for service for Defendant Jourdan so that

---

³ Eversole claims that he filed a grievance the day after the fall and after being moved to a medical cell for treatment. He does not claim that Defendant Ballard was aware prior to his fall that he was assigned to a top bunk. Likewise, he does not claim that Ballard had specific knowledge of any bottom bunk restriction or that he was reassigned to a top bunk after the fall. Finally, Eversole does not claim that Ballard had any knowledge or involvement in the medical treatment he received following the fall from the bunk.

service could be accomplished through the United States Marshal's Service. [Record No. 11] Eversole failed to comply with this directive within the period provided.

A second Order was issued on June 2, 2017, noting Eversole's failure to provide an address for service and explaining the consequences for such failure (i.e., "[i]f Plaintiff fails to provide an address where Officer Jourdan can be served or otherwise comply with Civil Rule 4(m), the undersigned will recommend to the presiding District Judge that Plaintiff's claim against Officer Jourdan be dismissed without prejudice.") Again, however, Eversole did not serve or provide any information for service upon Defendant Jourdan.

Under the facts presented, Eversole has neither shown good cause for failure to effect service and has not requested that the time for service be extended by any reasonable period.[4]

**IV.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Candace J. Smith [Record No. 32] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Rodney Ballard's Motion for Judgment on the Pleadings [Record No. 20] is **GRANTED**.

3. The claims asserted by Plaintiff Michael Eversole against Defendant Rodney Ballard are **DISMISSED**, with prejudice.

---

[4] See footnote 9 of the Magistrate Judge's Report and Recommendation regarding the letter from Plaintiff Eversole requesting that time deadlines be extended generally during his period of incarceration. In addition to the reasons given by the Magistrate Judge, the undersigned does not consider such an ex parte request reasonable under the Federal Rules of Civil Procedure.

4. The claims asserted by Plaintiff Michael Eversole against Defendant Chase Jourdan are **DIMISSED**, without prejudice.

This 6th day of September, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge