UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MICHAEL EVERSOLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 17-155-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RODNEY BALLARD, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Michael Eversole claims to have fallen and injured his back while in custody at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. He sued Rodney Ballard, Chase Jordan, and Jennifer Privett, asserting various claims under 42 U.S.C. § 1983. Eversole's claims against Ballard and Jordan were dismissed on September 6, 2017. [Record No. 34] The matter is now pending for consideration of Defendant Privett's motion for summary judgment. [Record No. 33] For the reasons that follow, Privett's motion for summary judgment will be granted.

**I.**

The factual background of this case has been recited on multiple occasions by the Magistrate Judge and the undersigned. [Record Nos. 32, 34, 37] Accordingly, only a brief summary is necessary. Eversole alleges that he was arrested and housed in the FCDC beginning on October 4, 2015. [Record No. 1-1, p. 18] Two weeks later, he began complaining of back and testicular pain. *Id.* He was given various diagnoses over an eight-month period, but the pain did not diminish. *Id.*

Eversole contends that, despite being medically-restricted to a bottom bunk, the defendants assigned him to a top bunk, from which he fell while sleeping on April 25, 2016. *Id.* at pp. 18-19. He filed a grievance the following day, alleging that he had re-injured his back. *Id.* at p. 19. He contends that he asked for an MRI, but Defendant Privett advised that he would not be sent to an outside doctor or for an MRI. *Id.* A doctor at FCDC performed an x-ray in May 2016, which revealed a "massive amount of infection" in Eversole's back. *Id.* at p. 20. The FCDC doctor then ordered an MRI, which was performed in July 2016, and revealed that infection had spread into Eversole's bones. *Id.* He received treatment at the University of Kentucky Medical Center. *Id.*

Eversole sued Ballard, Jourdan, and Privett in the Fayette Circuit Court in February 2017, asserting that they had been deliberately indifferent to his serious medical needs.[1] The case was removed to this Court in March 2017, and the matter was referred to a United States Magistrate Judge to manage pretrial matters and submit proposed findings of fact and recommendations regarding any dispositive motions. Defendant Privett moved for summary judgment on September 5, 2017, focusing largely on Eversole's lack of an expert opinion regarding negligent medical treatment. [Record No. 33] United States Magistrate Judge Candace J. Smith issued a Report and Recommendation on December 19, 2017, in which she recommended granting Privett's motion. [Record No. 37] Eversole did not file a response to Privett's motion and did not file objections to the Magistrate Judge's Report and Recommendation.

---

[1] Eversole identified Rodney Ballard as "Jailer," but Ballard was actually employed by Lexington-Fayette Urban County Government as Director of the Division of Community Corrections. [Record No. 7, p. 2] Jourdan was identified as a corrections officer working at FCDC.

**II.**

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).

Despite Eversole's failure to respond to Defendant Privett's motion for summary judgment, the Magistrate Judge engaged in a thorough evaluation of Eversole's claims. And although it is not required to do so, this Court has fully reviewed the matter. Having made a *de novo* determination, the Court agrees that summary judgment should be granted in favor of Defendant Privett.

**III.**

Defendant Privett characterizes Eversole's claims against her as "a medical malpractice action" and contends that summary judgment must be granted because he has failed to provide expert testimony. [Record No. 33] Privett is correct that, under Kentucky law, plaintiffs generally are required to offer expert testimony in support of their medical negligence claims. *See Andrew v. Bagley*, 203 S.W.3d 165, 170 (Ky. Ct. App. 2006). However, the Magistrate Judge correctly concluded that Eversole's *pro se* claims are limited to allegations of deliberate indifference to his serious medical needs under the Eighth Amendment and 42 U.S.C. § 1983. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (Court construes *pro se* pleadings liberally, but will not construe a complaint to contain facts not alleged.).

This Court may grant summary judgment on grounds not raised in a party's motion after giving the plaintiff notice and time to respond. *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821 (6th Cir. 2013); Fed. R. Civ. P. 56(f). Nearly one month has passed since the Magistrate Judge filed her Report recommending that Privett's motion for summary judgment be granted on grounds not raised in the motion. [Record No. 37] Further, similar issues were discussed at length in the Report and Recommendation and Memorandum Order regarding Defendant Ballard's motion for judgment on the pleadings. [Record No. 32, 34] Accordingly, Eversole has been provided notice and a reasonable period of time to respond to the challenges regarding his deliberate indifference claims.

Deliberate indifference requires a subjective determination that the defendant had "a sufficiently culpable state of mind in denying medical care." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The defendant must have actually known of a serious medical need or "circumstances clearly indicating" such a need. Further, the defendant must have ignored the need by disregarding a substantial risk of serious harm to the inmate. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005). Based on Eversole's vague complaints of "back pain" and the medical treatment he acknowledges having received, there is simply no indication that these circumstances occurred.

Eversole contends that, after he fell out of bed on April 25, 2016, he filed several medical slips because his pain had worsened, but Privett declined to "send him out" to see a doctor or to have an MRI. [Record No. 1-1, p. 19] However, Eversole concedes that an x-ray was performed on an unspecified date in May and that a physician at FCDC ordered an MRI soon after that. "An inmate does not have the right to choose his medical treatment, and the

mere fact that he disagrees with the treatment he is given does not serve to establish that his medical care was inadequate, let alone that those treating him acted with deliberate indifference." *Burrows v. Smith*, No. 07-CV-43-GFVT, 2007 WL 4365411, at *3 (E.D. Ky. Dec. 12, 2007) (citing *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996)). The Court will not second-guess the adequacy of medical professionals' judgment where the plaintiff received medical treatment and the dispute concerns vague allegations regarding the adequacy of treatment. *See Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976).

Eversole also brought § 1983 claims against Privett in her official capacity. An official capacity action filed against a public employee is equivalent to an action filed against the public entity for which the employee is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009). The doctrine of *respondeat superior* does not apply in § 1983 suits. *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) (citing *Monell v. Dep't of Soc. Serv's*, 436 U.S. 658, 691 (1978)). Accordingly, for Eversole's official-capacity claim to survive, he must identify an official policy, custom, or practice that has served to deprive him of his constitutional rights. *See id.* As the Magistrate Judge pointed out, construing Eversole's filings liberally, he has identified no such policy, custom, or practice. [Record No. 37, pp. 9-10] Accordingly, this claim will be dismissed.

The Magistrate Judge determined, alternatively, that Eversole's claims should be dismissed for failure to prosecute. [Record No. 37, p. 18] The Court agrees with the Magistrate Judge's assessment regarding Eversole's failure to prosecute this action, considering the factors set out in *Bowles v. City of Cleveland*, 129 F. App'x 239, 242 (6th Cir.

2005).² *See also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). However, the Court has determined that Defendant Privett is entitled to summary judgment with respect to Eversole's remaining claims and these claims will be dismissed with prejudice.

**IV.**

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 37] is **ADOPTED** and **INCOPORATED**, by reference.

2. Defendant Privett's motion for summary judgment [Record No. 33] is **GRANTED**. Plaintiff Eversole's claims against Defendant Privett in both her individual and official capacities are **DISMISSED**, with prejudice.

3. A Judgment shall be entered this date.

4. This action is **STRICKEN** from the Court's docket.

This 18th day of January, 2018.



---

² For example, Eversole did not serve Defendant Jourdan and did not respond to the defendants' dispositive motions. Additionally, every *pro se* litigant is required to notify the Court of any address change. It appears that Eversole has been released from custody and is participating in a mandatory reentry supervision program. However, he has failed to notify the Court of his new address. http://kool.corrections.ky.gov/KOOL/Details/302144 (last visited Jan. 17, 2018).